**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ACK for Whales, Inc.**, et al.,<br>                                  Plaintiffs,<br><br>        v.<br><br>**Bureau of Ocean Energy Management**, et al.,<br><br>                        Defendants. | Case No. 26-cv-00070-TSC<br><br><br>**Federal Defendants' Answer to**<br>**Plaintiffs' Complaint** |

        Federal Defendants Bureau of Ocean Energy Management (BOEM); Matthew Giacona, in his official capacity as Acting Director of BOEM; and Douglas Burgum, in his official capacity as Secretary of the Interior, through counsel, answer Plaintiffs' Complaint for Declaratory and Injunctive Relief To Set Aside Final Agency Action, Dkt. No. 1. The numbered paragraphs below correspond to the numbered paragraphs in the Complaint. Federal Defendants do not specifically respond to any section headings included in the Complaint, but to the extent those headings expressly or implicitly include legal or factual allegations, Federal Defendants deny those allegations. Federal Defendants deny any allegation in the Complaint that is not specifically admitted, denied, or qualified in this Answer.

        1.      The allegations in the first sentence of Paragraph 1 constitute Plaintiffs' characterization of the case, to which no response is required. To the extent that a response is required, Federal Defendants deny any violation of law. The allegations in the second sentence of Paragraph 1 constitute Plaintiffs' characterization of their request for relief, to which no response is required, and purport to characterize BOEM's May 10, 2021, Record of Decision (ROD), July 15, 2021, Construction and Operations Plan (COP) approval, and January 17, 2025, decision, cited in footnote 1 of the Complaint, which speak for themselves and are the best evidence of

1

their contents. To the extent the allegations are inconsistent with the documents, Federal Defendants deny the allegations. Federal Defendants further deny any violation of law. Federal Defendants deny the allegations in the third sentence of Paragraph 1.

2.      The allegations in Paragraph 2 constitute Plaintiffs' characterization of the case and Plaintiffs' request for relief, to which no response is required. To the extent that a response is required, Federal Defendants deny the allegations.

3.      The allegations in Paragraph 3 constitute Plaintiffs' characterization of the case, to which no response is required. To the extent that a response is required, Federal Defendants deny the allegations.

4.      The allegations in Paragraph 4 are legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

5.      The allegations in Paragraph 5 are legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

6.      The allegations in Paragraph 6 purport to characterize a December 4, 2025, notice Plaintiffs sent to BOEM, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the notice, Federal Defendants deny the allegations

7.      The allegations in Paragraph 7 are legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants admit that venue is proper in the District but deny any remaining allegations.

8.      Federal Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the first, second, third, fourth, and fifth sentences of Paragraph 8 and deny them on that basis. Federal Defendants deny the remaining allegations.

9. Federal Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the first, second, third, fourth, fifth, and seventh sentences of Paragraph 9 and deny them on that basis. As to the allegations in the sixth, eighth, ninth, and tenth sentences of Paragraph 9, Federal Defendants deny any allegations related to damage allegedly caused by the project. Federal Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in these sentences and deny them on that basis. Federal Defendants deny the allegations in the eleventh sentence of Paragraph 9.

10. Federal Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the first, second, third, fourth, sixth, and eighth sentences of Paragraph 10 and deny them on that basis. As to the allegations in the fifth, seventh, and ninth sentences of Paragraph 10, Federal Defendants deny any allegations related to damage allegedly caused by the project. Federal Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in these sentences and deny them on that basis. Federal Defendants deny the allegations in the tenth sentence of Paragraph 10.

11. Federal Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the first, second, third, fourth, fifth, seventh, and ninth sentences of Paragraph 11 and deny them on that basis. As to the allegations in the sixth, eighth, and tenth sentences of Paragraph 11, Federal Defendants deny any allegations related to damage allegedly caused by the project. Federal Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in these sentences and deny them on that basis. Federal Defendants deny the allegations in the eleventh sentence of Paragraph 11.

12. Federal Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence and first clause of the second sentence of

Paragraph 12 and deny them on that basis. Federal Defendants deny the remaining allegations in Paragraph 12.

13.     Federal Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the first, second, third, fourth, sixth, and eighth sentences of Paragraph 13 and deny them on that basis. As to the allegations in the fifth and seventh sentences of Paragraph 13, Federal Defendants deny any allegations related to damage allegedly caused by the project. Federal Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in these sentences and deny them on that basis. Federal Defendants deny the allegations in the ninth sentence of Paragraph 13.

14.     Federal Defendants admit that Defendant BOEM is a federal agency within the U.S. Department of the Interior (Interior). The remaining allegations in Paragraph 14 purport to characterize and quote a sentence from BOEM's website, cited in footnote 2 of the Complaint, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced sentence, Federal Defendants deny the allegations.

15.     Federal Defendants admit the allegations in Paragraph 15.

16.     Federal Defendants admit the allegations in Paragraph 16.

17.     Federal Defendants admit the allegations in Paragraph 17 except that Federal Defendants aver that Matthew Giacona is currently the Acting Director of BOEM.

18.     Federal Defendants incorporate by reference their responses in the paragraphs above.

19.     The allegations in the first sentence of Paragraph 19 purport to characterize a December 4, 2025, notice Plaintiffs sent to BOEM, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the notice, Federal

Defendants deny the allegations. Federal Defendants further deny any violation of law. Federal Defendant admit the allegations in the second sentence of Paragraph 19. The allegations in the third sentence of Paragraph 19 are legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations. The allegations in the fourth and fifth sentences and the citation following the fourth sentence of Paragraph 19 purport to characterize or quote OCSLA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced statute, Federal Defendants deny the allegations. The allegations in the sixth and seventh sentences of Paragraph 19 purport to characterize and quote the December 22, 2025, press release and Order, cited in footnotes 3 and 4 of the Complaint, which speak for themselves and are the best evidence of their contents. To the extent that the allegations are inconsistent with these documents, Federal Defendants deny the allegations. The allegations in the eighth sentence of Paragraph 19 constitute Plaintiffs' characterization of the Complaint, to which no response is required. To the extent that a response is required, Federal Defendants deny the allegations. Federal Defendants deny the allegations in the ninth sentence of Paragraph 19. As to the allegations in the tenth sentence of Paragraph 19, Federal Defendants admit that Vineyard Wind 1 continues to operate but deny the remaining allegations.

20.     The allegations in Paragraph 20 constitute Plaintiffs' characterization of the case, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations and deny any violation of law.

21.     Federal Defendants deny the allegations in Paragraph 21.

22.     The allegations in the first sentence of Paragraph 22 purport to characterize a May 1, 2025, memorandum from the Acting Solicitor, cited in footnote 5 of the Complaint, which

speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that document, Federal Defendants deny the allegations. The allegations in the second sentence of Paragraph 22 purport to characterize BOEM's May 10, 2021, ROD and July 15, 2021, COP approval, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the documents, Federal Defendants deny the allegations. Federal Defendants deny the allegations in the third sentence of Paragraph 22. As to the allegations in the fourth sentence of Paragraph 22, Federal Defendants admit that M-37067 was issued on April 9, 2021, that the ROD was issued on May 10, 2021. Federal Defendants deny any remaining allegations.

23. Federal Defendants deny the allegations in Paragraph 23.

24. The allegations in Paragraph 24 purport to characterize a May 1, 2025, memorandum from the Acting Solicitor, cited in footnotes 5 and 6 of the Complaint, which speaks for itself and is the best evidence of its contents.

25. The allegations in Paragraph 25 purport to characterize a May 1, 2025, memorandum from the Acting Solicitor, which speaks for itself and is the best evidence of its contents. To the extent any of the allegations are inconsistent with the document, Federal Defendants deny the allegations.

26. The allegations in Paragraph 26 are legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

27. The allegations in Paragraph 27 are legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

28. The allegations in Paragraph 28 are legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

29.    As to the allegations in Paragraph 29, Federal Defendants admit that BOEM approved a COP on July 15, 2021, and issued a ROD dated May 10, 2021, for the Vineyard Wind 1 project offshore Massachusetts. Federal Defendants deny the remaining allegations.

30.    The allegations in the first sentence of Paragraph 30 are vague and ambiguous as to unspecified radar systems, and Federal Defendants deny them on that basis. As to the remaining allegations in Paragraph 30, Federal Defendants admit that Beacon Wind is a proposed offshore wind project on a contiguous, adjacent lease area that abuts the lease on which Vineyard Wind 1 is located, but Federal Defendants deny the remaining allegations in Paragraph 30.

31.    Federal Defendants deny the allegations in the first, second, and fourth sentences of Paragraph 31. The allegations in the third sentence of Paragraph 31 purport to characterize and quote the Final Environmental Impact Statement (FEIS), cited in footnote 7 of the Complaint, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with this document, Federal Defendants deny the allegations.

32.    Federal Defendants deny the allegations in the first and fourth sentences of Paragraph 32. As to the allegations in the second sentence of Paragraph 32, Federal Defendants admit that BOEM did not conduct analysis of the Terminal Doppler Weather Radar and Very High Frequency Omnidirectional Range/Distance Measuring Equipment when preparing the FEIS. As to the allegations in the third sentence of Paragraph 32, Federal Defendants admit that BOEM did not conduct or commission the referenced analyses when preparing the FEIS, but Federal Defendants aver that the authority to require such analyses rests with the Department of War. Federal Defendants deny any remaining allegations in the second and third sentences of Paragraph 32.

33.    Federal Defendants deny the allegations in Paragraph 33.

34.     The allegations in Paragraph 34 purport to characterize the documents, cited in footnote 8 of the Complaint, and the image below Paragraph 34, which speak for themselves and provide the best evidence of their contents. To the extent the allegations are inconsistent with these documents and image, Federal Defendants deny the allegations.

35.     Federal Defendants deny the allegations in the first sentence of Paragraph 35. The allegations in the second and third sentences of Paragraph 35 purport to characterize the image below Paragraph 34, which speaks for itself and provides the best evidence of the image's contents. To the extent the allegations are inconsistent with the image, Federal Defendants deny the allegations. Federal Defendants aver that Interior and the Department of War continue to assess the project's impacts on national security but otherwise deny the allegations in the fourth sentence of Paragraph 35.

36.     Federal Defendants aver that Interior and the Department of War continue to assess the project's impacts on national security but otherwise deny the allegations in Paragraph 36.

37.     The allegations in Paragraph 37 purport to characterize the document, cited in footnote 9 of the Complaint, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that document, Federal Defendants deny the allegations.

38.     As to the allegations in Paragraph 38, Federal Defendants admit that Vineyard Wind 1 is adjacent to Beacon Wind. Federal Defendants deny the remaining allegations in Paragraph 38.

39.     The allegations in Paragraph 39, in part, purport to characterize the document, cited in footnote 11 of the Complaint, and the image below Paragraph 39 which speak for

themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with that document and image, Federal Defendants deny the allegations. Federal Defendants deny the remaining allegations in Paragraph 39.

40.     The allegations in Paragraph 40, in part, purport to characterize the document, cited in footnotes 11 and 12 of the Complaint, and OCSLA, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the document and statute, Federal Defendants deny the allegations. Federal Defendants deny the remaining allegations in Paragraph 40.

41.     Federal Defendants deny the allegations in Paragraph 41.

42.     Federal Defendants deny the allegations in the first sentence of Paragraph 42. The remaining allegations in Paragraph 42 purport to characterize one of OCSLA's implementing regulations, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the regulation, Federal Defendants deny the allegations.

43.     Federal Defendants deny the allegations in Paragraph 43.

44.     Federal Defendants deny the allegations in Paragraph 44.

45.     The allegations in the second clause of Paragraph 45 purport to characterize a January 17, 2025, COP revision, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the COP revision, they are denied. Federal Defendants deny the remaining allegations.

46.     The allegations in Paragraph 46 are vague and ambiguous as to what constitutes a root-cause and debris-fate assessment, and Federal Defendants deny them on that basis.

47.     The allegations in the first sentence of Paragraph 47 purport to characterize the document, cited in footnote 13 of the Complaint, which speaks for itself and is the best evidence

of its contents. To the extent the allegations are inconsistent with that document, Federal Defendants deny the allegations.

48.    The allegations in the first sentence of Paragraph 48 purport to characterize the document, cited in footnotes 13 and 14 of the Complaint, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that document, Federal Defendants deny the allegations. Federal Defendants deny the remaining allegations in Paragraph 48.

49.    The allegations in Paragraph 49 purport to characterize one of OCSLA's implementing regulations, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the regulation, they are denied.

50.    Federal Defendants deny the allegations in Paragraph 50.

51.    Federal Defendants deny the allegations in Paragraph 51.

The remainder of the Complaint constitutes Plaintiffs' prayer for relief, which requires no response. To the extent a response is required, Federal Defendants deny that Plaintiffs are entitled to the requested relief or any relief whatsoever.

## GENERAL DENIAL

Federal Defendants deny any allegations in Plaintiffs' Complaint, whether express or implied, that are not expressly denied, admitted, or qualified herein.

## DEFENSES

1.    One or more of the six Plaintiffs is bringing claims barred by the doctrines of claim or issue preclusion.

2.    The Court lacks jurisdiction over some or all the claims.

10

Respectfully submitted this 29th day of May, 2026.

                                      ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General


*/s Sara E. Costello*
SARA E. COSTELLO
Senior Trial Attorney
Natural Resources Section
United States Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
(202) 598-5552
sara.costello2@usdoj.gov

OF COUNSEL:

Benjamin D. Neumann
U.S. Department of the Interior
Office of the Solicitor