## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ACK FOR WHALES, INC. *et al.*,

     *Plaintiffs*,

*v.*

BUREAU OF OCEAN ENERGY
MANAGEMENT *et al.*,

     *Defendants*.

Civil Action No. 1:26-cv-00070

Hon. Tanya S. Chutkan

### INTERVENOR-DEFENDANT VINEYARD WIND 1 LLC'S
### MOTION TO TRANSFER VENUE

Pursuant to 28 U.S.C. § 1404(a), Intervenor-Defendant Vineyard Wind 1 LLC ("Vineyard Wind") respectfully moves to transfer the above-captioned action to the U.S. District Court for the District of Massachusetts. As grounds for this Motion, Vineyard Wind states as follows:

1.  This action challenges federal approval of Vineyard Wind's currently operating offshore wind-energy project (the "Project"), which is located fourteen miles off the Massachusetts coast in Bureau of Ocean Energy Management ("BOEM") Lease Area OCS-A 0501.

2.  This Court may transfer an action to any other district where venue is proper for the convenience of the parties and witnesses and in the interest of justice.

3.  This action could have been brought in the District of Massachusetts. The Plaintiffs' alleged injuries all flow from activities occurring in or immediately offshore of Massachusetts and are exclusively felt there. Additionally, many of the Plaintiffs reside in the District of Massachusetts. Vineyard Wind and the Defendants also may be found in that District.

4.  The Plaintiffs' choice of forum should not receive deference because none of the Plaintiffs resides in the District of Columbia and this District has no meaningful factual connection

to the dispute. By contrast, the District of Massachusetts is the locus of the challenged Project, the alleged injuries, and the Plaintiffs themselves.

5.    The convenience of the parties and witnesses, and ease of access to evidence, also supports transfer. The Plaintiffs are all Massachusetts residents, property owners, and/or business owners, and Vineyard Wind seeks to transfer this action to the Plaintiffs' home forum. Additionally, although this action is expected to proceed principally on the administrative record, Vineyard Wind intends to pursue discovery concerning the Plaintiffs' standing. That discovery would concern the Plaintiffs and their alleged injuries in Massachusetts, making the District of Massachusetts the more convenient forum.

6.    Transferring this action to the District of Massachusetts is in the public interest. The District of Massachusetts has substantial familiarity with the Project, the parties, and the underlying issues of this case: the District of Massachusetts has already adjudicated multiple challenges to federal approvals for the Project and litigation concerning BOEM's December 22, 2025 stop-work order against the Project is currently pending there. Massachusetts also has a strong local interest in this action.

7.    The basis for this Motion is further set forth in the accompanying Statement of Points and Authorities in Support, which Vineyard Wind hereby incorporates by reference. Vineyard Wind also submits two exhibits in support of this Motion. Exhibit 1 is a true and correct excerpt from the transcript of BOEM's February 11, 2019 public meeting in Nantucket, Massachusetts concerning the Project, which is publicly available at Administrative Docket No. BOEM-2018-0069-0297. *See* Bureau of Ocean Energy Mgmt., Vineyard Wind Project Public Meeting Transcript, BOEM-2018-0069-0297 (Mar. 18, 2019) (statement of David Hubbard), *available at* https://www.regulations.gov/comment/BOEM-2018-0069-0297. Exhibit 2 is a true

and correct copy of Plaintiff ACK for Whales, Inc.'s publicly filed Form 990 for tax year 2024. *See* ACK Rats Inc d/b/a ACK for Whales Form 990 (May 14, 2025), *available at* tinyurl.com/ack4whales990.

8.       Counsel for Vineyard Wind has conferred with Plaintiffs' and Defendants' counsel regarding this Motion. The Plaintiffs oppose the Motion. The Defendants take no position on the Motion, but oppose relation of the underlying case to *Vineyard Wind 1 LLC v. United States Department of the Interior*, 1:26-CV-10156-BEM (D. Mass.).

WHEREFORE, Vineyard Wind respectfully requests that the Court grant this Motion and transfer this action to the U.S. District Court for the District of Massachusetts.

Dated: June 22, 2026                               Respectfully submitted,

*/s/ Peter C. Whitfield*
Peter C. Whitfield (D.C. Bar No. 984225)
Richard W. Smith (D.C. Bar No. 465563)
Matthew Brewer (D.C. Bar No. 493939)
SIDLEY AUSTIN LLP
1501 K STREET, N.W.
WASHINGTON, DC 20005
(202) 736-8000
pwhitfield@sidley.com
rwsmith@sidley.com
mbrewer@sidley.com

Brooklyn Hildebrandt (D.C. Bar No. 888325011)
SIDLEY AUSTIN LLP
350 S. Grand Avenue
Los Angeles, CA 90071
(213) 896-6007
bhildebrandt@sidley.com

*Counsel for Vineyard Wind 1 LLC*

## LOCAL CIVIL RULE 7.1(a)(2) CERTIFICATION

Counsel for Intervenor-Defendant Vineyard Wind 1 LLC certifies that, pursuant to Local Civil Rule 7.1(a)(2), counsel has conferred with Plaintiffs' and Defendants' counsel in a good-faith effort to resolve or narrow the issues raised by this motion. The Plaintiffs oppose the motion. The Defendants take no position on the motion, but oppose relation of the underlying case to *Vineyard Wind 1 LLC v. United States Department of the Interior*, 1:26-CV-10156-BEM (D. Mass.).

Dated: June 22, 2026                                         */s/ Peter C. Whitfield*
                                                                            Peter C. Whitfield

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of June 2026, a true and complete copy of the foregoing has been filed with the Clerk of the Court pursuant to the Court's electronic filing procedures, and served on Plaintiffs' and Defendants' counsel of record via the Court's electronic filing system.

Dated: June 22, 2026                         */s/ Peter C. Whitfield*
                                             Peter C. Whitfield