**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

ACK FOR WHALES, INC. *et al.*,

*Plaintiffs,*

v.

BUREAU OF OCEAN ENERGY MANAGEMENT *et al.*,

*Defendants*,

and

VINEYARD WIND 1 LLC,

*Defendant-Intervenor*.

Case No.: 1:26-cv-00070

Hon. Tanya S. Chutkan

**INTERVENOR-DEFENDANT VINEYARD WIND 1 LLC'S RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL DEVELOPMENT RELEVANT TO INTERVENOR-DEFENDANT'S TRANSFER MOTION**

On October 5, 2026, Plaintiffs filed a Notice of Supplemental Development Relevant to Intervenor-Defendants' Transfer Motion advising the Court that Judge Nichols dismissed as moot a challenge to a suspension order that BOEM issued to Empire Wind last December. Dkt. No. 20. Although Plaintiffs admit that Judge Nichols' decision is "not binding" on the Massachusetts district court considering a challenge to a similar suspension order directed at Vineyard Wind, they argue that Judge Nichol's decision "underscores" that the "asserted efficiency benefit for transferring the instant case to D. Mass remains uncertain." Dkt. No. 20 at 2. Plaintiffs omit, however, that the government has argued that the challenge to the Vineyard Wind suspension order is likewise moot, but the Massachusetts district court has elected to stay, rather than dismiss, the case. *See* Dkt. Nos. 98, 100, 103, *Vineyard Wind 1 LLC v. U.S. Dep't of Interior*, No. 1:26-cv-10156 (D. Mass.). And regardless of when or how the Massachusetts district court ultimately

resolves that case, it remains the case that four other lawsuits challenging Vineyard Wind's Project were litigated in the District of Massachusetts, and that court already has developed substantial familiarity with Vineyard Wind's Project, the parties, and many of the issues underlying this case. *See* Dkt. No. 13-1 at 3–4, 11–12 (discussing the prior litigation). Furthermore, any decision in the Massachusetts case will not change the fact that the District of Columbia has no meaningful connection to Plaintiffs' challenge to Vineyard Wind's Project in *this case* because the Project is located in Massachusetts and providing clean power to Massachusetts utilities, most Plaintiffs are residents of Massachusetts and none reside in the District of Columbia, and Plaintiffs' alleged injuries occur in Massachusetts. *Id.* at 7–18.

Dated: October 6, 2026

Respectfully submitted,

*/s/ Peter C. Whitfield*

Peter C. Whitfield (D.C. Bar No. 984225)
Richard W. Smith (D.C. Bar No. 465563)
Matthew Brewer (D.C. Bar No. 493939)
SIDLEY AUSTIN LLP
1501 K STREET, N.W.
WASHINGTON, DC 20005
(202) 736-8000
pwhitfield@sidley.com
rwsmith@sidley.com
mbrewer@sidley.com

Brooklyn Hildebrandt (D.C. Bar No. 888325011)
SIDLEY AUSTIN LLP
350 S. Grand Avenue
Los Angeles, CA 90071
(213) 896-6007
bhildebrandt@sidley.com

*Counsel for Vineyard Wind 1 LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 6th day of October 2026, a true and complete copy of the foregoing has been filed with the Clerk of the Court pursuant to the Court's electronic filing procedures, and served on counsel of record via the Court's electronic filing system.

*/s/ Peter C. Whitfield*
Peter C. Whitfield